## WILLIAMS v. MAYOR & COUNCIL OF BRUNSWICK.

1. This was an action for damages, in which the only recovery sought was for the loss of rents which plaintiff's property would have earned had the conduct of the municipality, of which complaint was made, not occurred, and for attorney's ·fees in prosecuting an injunction suit to prevent the conduct alleged to be unlawful.

2. The petition can not be properly construed as one setting forth a cause of action for trespass. *Fulton Grocery Co.* v. *Maddox*, 111 *Ga.* 260 (36 S. E. 647).

3. The action was founded on either a malicious ̈use of legal process, or the malicious abuse of such process, or both. Under either construction the petition was fatally defective, because: (*a*) As an action for the malicious use of process, there was no allegation that the process or legal proceeding on behalf of the municipality which caused the damage to the plaintiff was maliciously and without probable cause employed by the defendant. (*b*) As a suit for the malicious abuse of process, it was not alleged that the process or legal proceedings employed by the defendant, with the alleged damaging result to plaintiff, were employed for any specified unlawful object, and not for the pur- poses which they were designed by law to accomplish. For discus- sions relative to actions for malicious " use " and malicious " abuse " of legal process, see *Brantley* v. *Rhodes-Haverty Furniture Co.*, 131 *Ga.* 276 (62 S. E. 122), and citations.

4. The judge did not err in dismissing the petition on general demurrer.
                    DECEMBER 13, 1911.

Action for damages. Before Judge Conyers. Glynn superior court. December 21, 1910.

William Williams instituted suit against the Mayor and Coun- cil of the City of Brunswick. The petition alleged that plaintiff was the owner of certain real estate in the City of Brunswick, and was engaged in constructing a building thereon. The municipal- ity, by its chief of police, early in December entered upon the premises and ordered petitioner and his employees to desist at the peril of prosecution and punishment in the police court. To pre- vent such interference petitioner, on December 16th, instituted proceedings for an injunction, and obtained a restraining order against the city. Subsequently the city applied to the judge for an order to preserve the status, and on December 20th an order was passed enjoining the petitioner also. At the trial, on the 4th day of April, next ensuing, the judge granted an ad interim injunction against the city, but refused to enjoin petitioner. The city sued out a writ of error and gave a supersedeas bond, and subsequently the judgment of the lower court enjoining the city was affirmed

by the Supreme Court, and the judgment of the latter court was by appropriate order made the judgment of the superior court, thus terminating the injunction case in favor of petitioner. The effect of the interference by the chief of police and the order of the judge preserving the status was to delay petitioner in the construction of his building. Except for such interference the building would have been completed and rented about December 20th, and continued to be rented at a stated monthly rental. In order to enforce his rights in the premises, it was necessary for petitioner to employ counsel, which he did at reasonable cost. The prayer was for the recovery of damages covering the value of rents which would have been earned from the date of the order of the judge in the injunction case preserving the status, and also for the amount paid out as attorney's fees.

*F. H. Harris,* for plaintiff.    *J. T. Colson,* for defendant.

ATKINSON, J.  The case presented by the record is controlled by the rulings announced in the headnotes. The questions of law decided are fully discussed in the authorities cited in the headnotes and in other decisions of this court cited in the authorities mentioned. Under these circumstances elaboration would be unprofitable.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*